# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KUN ZHANG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **Case No. CIV-26-827-SLP** |
| TODD M. LYONS, et al., | ) |
| | ) |
| Respondents.[1] | ) |
| | ) |

## REPORT AND RECOMMENDATION

Petitioner Kun Zhang, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] Chief United States District Judge Scott L. Palk referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 11, and Petitioner replied, Doc 12.[4] So the matter is at issue.

---

[1]    Respondent Chris Gantt, Warden of the Cimarron Correctional Facility, is not a federal official, and the response is not filed on his behalf. *See* Doc. 11, at 1 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[4]    Although captioned as a "Traverse," *see* Docs. 12 & 18, "[i]n habeas corpus pleadings, the terminology of petition, return, and traverse, has

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1, and his motions for traverse, Docs. 12 & 18.

## I.    Factual background and Petitioner's claims.

Petitioner is a citizen of China who entered the United States on or about December 5, 2023. Doc. 11, at 1-2 (citing Ex. 1). The next day, the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA) alleging he was subject to removal under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[5] *Id.* at 2 (citing Ex. 1, at 1). At some point, Petitioner was released from ICE custody because he "subsequently resided in the United States, obtained work authorization, and lived a law-abiding life with no

---

historically been used to designate, respectively, the petitioner['s] opening submission seeking relief, the government's answer, and the petitioner's reply." *Clemons v. United States*, 2004 WL 2212017, at *1 n.1 (D. Del. Sept. 10, 2004).

[5]    Codified at 8 U.S.C. § 1182(a)(6)(A)(i), this section applies to an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. An NTA acts as "a charging document" informing the noncitizen of "the specific charges against him and outlin[ing] their legal and factual basis." *Dragomirescu v. U.S. Att'y Gen.*, 44 F.4th 1351, 1354 (11th Cir. 2022) (citing 8 U.S.C. § 1229a).

criminal history." Doc. 1, at 7. Petitioner filed an application for asylum which has been pending since at least January 13, 2024. Doc. 11, Ex. 3, at 2.[6]

Petitioner maintains that he was "detained by ICE without probable cause while driving and placed into custody." Doc. 1, at 7. He has been detained at the Cimarron Correctional Facility since March 9, 2026. Doc. 11, at 3 (citing Ex. 3 & Doc. 1, at 1, 7). On March 19, 2026, the Immigration Judge (IJ) assigned to Petitioner's case denied bond based on "lack of jurisdiction and, in the alternative . . . that Petitioner presents a flight risk." *Id.* (citing Ex. 4); *see also* Doc. 17 (recording of bond hearing).[7]

---

[6]     Petitioner has a hearing scheduled for June 18, 2026, https://acis.eoir.justice.gov/en/caseInformation (last visited June 16, 2026). The undersigned takes judicial notice of the Immigration Court's filings in Petitioner's case, available at Automated Case Information. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1204, 1192 n.5 (10th Cir. 2007)).

[7]     The IJ cited *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) to support his finding that the Immigration Court lacked jurisdiction. Doc. 11, Ex. 4, at 1. In *Hurtado*, the Board of Immigration Appeals (BIA) held that those who entered the country without admission or parole are ineligible for a bond hearing and are detained under 8 U.S.C. § 1225(b)(2)(A). *Hurtado* is not binding on this Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("[C]ourts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

He challenges his "continued detention without a meaningful opportunity to seek release" and maintains that his detention without such opportunity "violates fundamental constitutional principles." Doc. 1, at 11. He asserts that he "is subjected to potentially indefinite detention without any individualized determination of flight risk or danger," which violates his due process rights and exceeds DHS's statutory authority. *Id.* at 12. He asks the Court to order Respondents to immediately release him or in the alternative, order a prompt individualized bond hearing before a neutral decision-maker. *Id.* at 14.

## II.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Discussion.

4

### A.    Section 1226 governs Petitioner's detention.

Petitioner asserts that Respondents violated his due process rights when ICE detained him without probable cause, without an opportunity to be heard, or a finding he posed a flight risk or danger. Doc. 1, at 7, 11-13. He points to his lack of criminal history, "[s]trong community ties in Los Angeles," his "pending asylum application," and "demonstrated commitment to comply with legal processes" as proof that he is not a flight risk or danger. *Id.* at 13. Respondents first suggest that Petitioner's pending asylum application "is a step towards seeking" admission, making him properly detained as an "alien seeking admission." Doc. 11, at 2. Next, Respondents assert that Petitioner's due process claims are premature, "without basis[,] and even if the Immigration Court had jurisdiction over Petitioner's bond, it . . . determined that [he] presents a flight risk." *Id.* at 3. Petitioner replies that the Government "entirely fails to meaningfully rebut [his] statutory argument." Doc. 12, at 12. And that "[t]he 'alternative finding' [by the IJ] . . . was not the product of a lawful bond hearing under [8 U.S.C.] § 1226(a)." *Id.* at 13.

This Court has compared §§ 1225 and 1226 and decided noncitizens like Petitioner are not subject to mandatory detention under § 1225. *See, e.g.*, *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3-7 (W.D. Okla.

5

Jan. 20, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026) (collecting cases in this judicial district concluding that § 1225(b)(2) does not govern the petitioner's detention).[8] So, the Court concludes that § 1226(a) governs Petitioner's detention.

### B.    Petitioner's claim should be denied.

Respondents urge the Court to deny Petitioner's due process claim because he had a bond hearing and the IJ determined, in the alternative, that Petitioner was a flight risk. Doc. 11, at 5. Given the IJ's finding that Petitioner was a flight risk, the undersigned recommends the Court deny Petitioner habeas relief as he has not been deprived of an individualized custody determination.

---

[8]    Petitioner's request to seek asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr*, 175 F.4th 1258, 1284 (11th Cir. 2026) ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs *before* a § 1229a proceeding even commences." (quoting 8 U.SC § 1225(b)(2)(A)).

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry,* 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr,* 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra,* No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D.

Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

Petitioner received a bond hearing, in which he was represented by counsel, and the IJ heard arguments by the parties as to the *Guerra* factors. *See* Doc. 17 (recording of bond hearing). The IJ, based on those factors, denied Petitioner's request for bond, determining he was a flight risk. *Id.* Petitioner maintains that "[o]nce jurisdiction was found lacking, the Immigration Court lacked legal authority to enter an enforceable custody determination." Doc. 18, at 3. But the IJ's flight risk finding being made in the alternative hardly changes the Court's analysis as "[i]n-the-alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling." *Chiquito Barzola v. Warden, Delaney Hall Det. Facility Newark,* 2025 3443487, at *2 (D.N.J. Dec. 1, 2025); *see also Kumar,* 2026 WL 753944, at *2 ("[T]he Court is not persuaded . . . that the IJ's decision was unlawful merely 'because it was handed down on an in-the-alternative basis'" (quoting *Chiquito Barzola,*

8

2025 WL 3443487, at *2); *Musinov v. Mullin,* 2026 WL 1215043, at *3 (D.N.M. May 4, 2026).

**IV.    Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court **deny** Petitioner's habeas petition, Doc. 1, and motions for traverse, Docs. 12 & 18. The undersigned also recommends the Court deny as moot Petitioner's motions to expedite, Docs. 13 & 19.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 7, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

9

**ENTERED** this 16th day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE